KENNETH M. SORENSON
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Mar 2, 2026 11:36 AM
Lucy H. Carrillo, Clerk of Court

SARA D. AYABE #9546
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:      Sara.Ayabe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. **26-00022-DKW** |
| Plaintiff, | INFORMATION |
| vs. | [21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 924(c)(1)(A)(i)] |
| JON RAPOZO, | |
| Defendant. | |

INFORMATION

The United States Attorney charges:

Count 1
Possession with Intent to Distribute Controlled Substance
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B))

On or about February 16, 2024, in the District of Hawaii, JON RAPOZO, the defendant, did knowingly and intentionally possess with intent to distribute a controlled substance, namely 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Count 2
Possession of Firearm in Furtherance of Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(i))

On or about February 16, 2024, in the District of Hawaii, JON RAPOZO, the defendant, did knowingly possess a firearm, namely a Glock style pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely the drug trafficking crime charged in Count 1 of this Information.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

First Forfeiture Notice

1. The allegations in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 21, United States Code, Section 853.

2. The United States hereby gives notice that, pursuant to Title 21, United States Code, Section 853, upon conviction of the offense in violation of Title 21, United States Code, Section 841 charged in Count 1 of this Information, JON RAPOZO, the defendant, shall forfeit to the United States any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to a Glock style pistol and 9mm ammunition.

3. If any of the property subject to forfeiture described above in paragraph 2 of this first forfeiture notice, by any act of omission of JON RAPOZO, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided

without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the property described above paragraph 2 of this first forfeiture notice, pursuant to Title 21, United States Code, Section 853(p).

## Second Forfeiture Notice

1. The allegations in Counts 1 and 2 of this Information are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice that upon conviction of the offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) charged in Count 2 of this Information, JON RAPOZO, the defendant, shall forfeit to the United States any firearms and ammunition involved in or used in the commission of those offenses, including but not limited to a Glock style pistol and 9mm ammunition.

3. If any of the property subject to forfeiture described above in paragraph 2 of this second forfeiture notice, by any act of omission of JON RAPOZO, the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2 of this second forfeiture notice, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: __March 2__, 2026, at Honolulu, Hawaii.

_/s/ Kim Sorenson_
KENNETH M. SORENSON
United States Attorney
District of Hawaii

_/s/ Sara D. Ayabe_
SARA D. AYABE
Assistant U.S. Attorney

United States v. Jon Rapozo
Information
Cr. No. **26-00022-DKW**